Carmine PESCA, Plaintiff,

v.

**BOARD OF TRUSTEES, MASON TENDERS' DISTRICT COUNCIL PENSION FUND, Defendant.**

No. 94 Civ. 3950 (LAK).

United States District Court,
S.D. New York.

March 16, 1995.

Solomon M. Lowenbraun, for plaintiff.

Damien E. Mysak, Michael J. Vollbrecht, James Walsh, Mysak, Gorlick, Kravitz & Listhaus, P.C., for defendant.

### MEMORANDUM OPINION
### AND ORDER

KAPLAN, District Judge.

This is an action pursuant to the Employee Retirement Income Security Act ("ERISA") and, more specifically, 29 U.S.C. § 1132. Plaintiff was a construction worker disabled

as a result of an injury sustained on October 23, 1989. He claims that the defendant's denial of his application for union disability benefits was improper and seeks to recover the benefits claimed, punitive damages and attorneys fees. Defendant moves for summary judgment dismissing the complaint.

## Facts

The pertinent facts are undisputed.

The defendant (the "Fund") is a self-insured, jointly administered, multi-employer, labor-management trust fund established and maintained pursuant to various collective bargaining agreements and trust agreements in accordance with Section 302(c)(5) and (c)(6) of the Labor Management Relations Act, 29 U.S.C. §§ 186(c)(5) and (c)(6). It is also an employee benefit plan and a multi-employer plan within the meaning of ERISA.

Plaintiff is a Fund participant who submitted a claim for disability benefits in November 1993. The 1989 Fund plan (the "1989 Plan") is the plan document in effect at the time plaintiff was disabled and governs this action.

Under the terms of the 1989 Plan, a participant is eligible for a union disability benefit if the participant:

"is in receipt of a Social Security Disability Pension, or ... was in receipt of such pension immediately prior to his 65th birthday ... at any age, provided he has at least eight years of credit for service, as defined in Section 3., or a combination of both." (Hanrahan Aff. Ex. A at 14)

For purposes of pension eligibility, a participant is credited with one quarter year for each 150 hours worked for one or more contributing employer during any plan year, provided that no more than four quarters' credit may be allowed in any one year. (*Id.* § 3(2)(B)(a), at 10) Up to 10 such credits are allowed per year for purposes of pension calculation. (*Id.* § 3(2)(A)(a), at 9)

Plaintiff worked for contributing employers from 1982 through part of 1989, a period of approximately 7.5 years. His hours worked, credits earned, and years of credited service are set forth below:

| Year | Hours | Credits (Quarter Years) | Years of Credited Service |
|---|---|---|---|
| 1982 | 208.5 | 1 | 0 |
| 1983 | 895.5 | 5 | 1 |
| 1984 | 2,164.5 | 10 | 1 |
| 1985 | 1,912.0 | 10 | 1 |
| 1986 | 2,055.5 | 10 | 1 |
| 1987 | 2,413.5 | 10 | 1 |
| 1988 | 2,171.0 | 10 | 1 |
| 1989 | 1,907.0 | 10 | 1 |

Thus, despite the fact that the aggregate hours worked by plaintiff translated to 76 quarter year credits, the Plan proviso limiting to four the number of quarter year credits that could be earned in any given year for purposes of plan eligibility resulted in plaintiff accumulating only seven years of credited service.

In the period November 1993 through February 1994, plaintiff and the Fund discussed plaintiff's eligibility for a disability award. The Fund took the position that plaintiff was ineligible by reason of his failure to earn the required eight years of credited service. Plaintiff appealed the denial to the Fund's Board of Trustees, which denied the appeal on the same ground. This action followed.

## Discussion

■ 1. Plaintiff argues first that the Fund's denial of benefits in his case was arbitrary and capricious. He notes that the minimum eligibility requirements could result in a participant being eligible after working only 600 hours in each of eight years, or a total of 4,800 hours, while he has been denied benefits after working 13,727.5 hours during an eight year period.

While the parties disagree as to whether the standard controlling review of a denial of benefits is a product of ERISA or of State law, they agree in substance on the standard. Defendant asserts that the test is whether the action is arbitrary and capricious, while plaintiff asserts that the Court may set aside the Trustees' determination if it "was motivated by bad faith, or arrived at by fraud or arbitrary action," *quoting Mitzner v. Jarcho*, 44 N.Y.2d 39, 44–45, 403 N.Y.S.2d 490, 374 N.E.2d 388 (1978).

Here there is no substantial argument that the Trustees' action was arbitrary, capricious, fraudulent or motivated by bad faith.

As we have shown, they applied the plain letter of the Plan documents.[1] *See Miller v. Metropolitan Life Insurance Co.,* 925 F.2d 979, 986 (6th Cir.1991); *Wilson v. Board of Trustees of Pension Trust Fund for Operating Engineers,* 564 F.2d 1299, 1301 (9th Cir. 1977). Indeed, departure from the clearly defined terms of the Plan probably would have been arbitrary and capricious. *See Dellacava v. Painters Pension Fund of Westchester and Putnam Counties,* 851 F.2d 22, 27 (2d Cir.1988).

Plaintiff's position, to be sure, is sympathetic. One no doubt might have fashioned a plan differently. But plaintiff's suggestion that the terms of the Plan, as distinguished from the action of the Trustees, themselves were arbitrary fares no better. Trustees have wide latitude in establishing eligibility requirements to preserve trust assets in order to ensure that the purposes of the fund are fulfilled. *See Argo v. Joint Plumbing Industry Board,* 623 F.2d 207, 210 (2d Cir.1980); *Valle v. Joint Plumbing Industry Board,* 623 F.2d 196, 203 (2d Cir. 1980). We cannot say that the terms of this Plan were arbitrary, however tempting it might be to do so where plaintiff has fallen short of eligibility by such a small measure. Moreover, the rules were set out plainly in the Summary Plan Description distributed to all Fund participants. (Ragone Aff. ¶ 10 and Ex. E, at 10, 12)

2. Plaintiff's claim that the Trustees improperly decided his appeal at a meeting of which plaintiff had no notice and at which his attorney was not present is without merit. The Plan provided only for written submissions. (Ragone Aff. Ex. E, at 7–8) Neither ERISA nor the regulations thereunder require anything more than a full and fair review and an opportunity to submit issues and comments in writing. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503–1 (1994). The cases are clear that the opportunity for written submissions afforded to plaintiff was sufficient. *E.g., Hlinka v. Bethlehem Steel Corp.,* 863 F.2d 279, 287 (3d Cir.1988); *Grossmuller v. International Union, United Automobile, Aerospace and Agricultural Implement*

*Workers of America,* 715 F.2d 853, 858 n. 5 (3d Cir.1983).

3. Nor were plaintiff's appellate rights violated by the fact that his case was presented to the Trustees by an independent actuarial consultant retained by the Fund. The Trustees were entitled to the services of a consultant in performing their duties. The consultant did no more than present the data regarding plaintiff's work history, which are undisputed, and recommend denial on the ground that plaintiff did not meet the eligibility requirements of the Plan, which he undisputedly did not. Plaintiff had a full opportunity to submit any written evidence or argument he chose.

As there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law, defendant's motion for summary judgment dismissing the complaint is granted.

SO ORDERED.

---

1. This disposes of plaintiff's argument that the Trustees should have considered that plaintiff became disabled as a result of covered employment. The Plan made no such provision.